IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIM. ACT. NO. 1:23-cr-138-TFM |
| | ) |
| JAMES PETTWAY | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's *Motion to Dismiss on Second Amendment Grounds* (Doc. 22, filed 9/12/23). The United States filed its response in opposition (Doc. 27, filed 9/19/23). Defendant filed a reply (Doc. 28, filed 9/28/23). Upon consideration of the motion, response, reply, and relevant law, for the reasons set forth below, the motion is **DENIED**.

### I.   BACKGROUND AND MOTION

On July 26, 2023, Defendant Pettway was indicted with a single count of possession of a firearm by a prohibited person (felon) in violation of 18 U.S.C. § 922(g)(1). *See* Doc. 1. On August 24, 2023, the Grand Jury returned a Superseding Indictment which is virtually identical in that it charges the single count in violation of § 922(g)(1). *See* Doc. 16. Defendant filed his motion to dismiss in relation to the Superseding Indictment. *See* Doc. 22.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to request pre-trial dismissal of charges where there exists "a defect in the indictment," such as "an infirmity of law in the prosecution." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

The motion to dismiss asserts a facial constitutional challenge arguing that after *New York State Rifle & Pistol Association, Inc. v. Bruen*, --- U.S. ---, 142 S. Ct. 2111 (2022), the Court announced a "text-and-history test" for analyzing Second Amendment challenges. Pettway also attempts to raise an as-applied challenge. *See* Doc. 22 at 33-35.

The United States filed a response in opposition to the motion to dismiss. *See* Doc. 27. The response first asserts that the Second Amendment protects law-abiding citizens and not felons. *Id.* at 3-8. The United States next argues that the Eleventh Circuit's binding precedent for *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010) has not be overruled or abrogated. *Id.* at 8-10. Third, the United States says that § 922(g)(1) is consistent with traditional regulations as early governments had broad latitude to punish felons and could disarm dangerous or unvirtuous citizens. *Id.* at 10-21. The United States also opposes the as-applied challenge noting a recent Third Circuit case contrary to its position but argues that *Range v. Att'y Ge. United States of Am.*, 69 F.4th 96 (3d Cir. 2023) is easily distinguishable, but also unpersuasive and should be rejected. *Id.* at 21-23.

Defendant filed a reply which reiterates many of the same points, argues that the *Heller* dicta is neither binding nor persuasive, and asserts that *Bruen* abrogated *Rozier*. *See generally* Doc. 28. Finally, Defendant argues that the Third Circuit's decision in *Range* is relevant though he does disagree with a portion of its analysis, but regardless states that the same conclusion is compelled in this case. *Id.* at 28-29.

On September 29, 2023, the Court held a telephone conference to inform the parties that the motion to dismiss was denied and a written opinion would follow. *See* Doc. 36. On October 16, 2023, the jury trial commenced, and a guilty verdict was returned on October 17, 2023 as to both the firearm and ammunition. *See* Docs. 43, 51. Therefore, the Court now issues this written opinion detailing the basis for the denial of the motion to dismiss.

## II.   DISCUSSION AND ANALYSIS

Pettway argues that 18 U.S.C. § 922(g)(1) is unconstitutional because the statute violates the Second Amendment to the United States' Constitution. He proceeds with both a facial and

an as-applied challenge. The Court will address each in turn after providing the general legal landscape existing at this time.

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In 2008, the Supreme Court issued an opinion in which it held that the Second Amendment protects an individual's right to keep and bear arms for the purpose of self-defense. *District of Columbia v. Heller*, 554 U.S. 570 (2008). In 2010, the Supreme Court then held that the Fourteenth Amendment's due process clause incorporates the Second Amendment right recognized in *Heller*, making it enforceable against the states. *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

After *Heller* and *McDonald*, many circuits (including the Eleventh Circuit) employed a two-step framework: "first, we ask if the restricted activity is protected by the Second Amendment in the first place; and then, if necessary, we . . . apply the appropriate level of scrutiny." *United States v. Focia*, 869 F.3d 1269, 1285 (11th Cir. 2017) (citation omitted).

*Bruen*, 142 S. Ct. 2111, upended the second part of that framework by finding it was "one step too many." 142 S. Ct. at 2127. The Court held:

> Step one of the predominant framework is broadly consistent with Heller, which demands a test rooted in the Second Amendment's text, as informed by history. But Heller and McDonald do not support applying means-end scrutiny in the Second Amendment context. Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.

*Id*. Thus, when analyzing Second Amendment challenges to firearm regulations, courts must first determine whether "the Second Amendment's plain text covers an individual's conduct[.]" *Id*. at 2129-30. If so, "the Constitution presumptively protects that conduct[,]" and "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical

tradition of firearm regulation." *Id*.

**A.    Facial Challenge**

In *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), the Eleventh Circuit rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(1).   An Eleventh Circuit holding is binding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting *en banc*."   *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).   To overrule Eleventh Circuit precedent, a Supreme Court ruling must be "clearly on point." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003). Importantly, the Supreme Court did not overrule *Heller* or *McDonald*.   *Bruen*, 142 S. Ct. at 2129-30.   Rather, the Supreme Court stated that the lower courts had misinterpreted both cases when they applied means-end scrutiny in a Second Amendment context and instead only clarified the standard as opposed to creating a new one.   *Id*.

The Eleventh Circuit issued *Rozier* after the issuance of *Heller*.   Further, in *Heller*, the Supreme Court, while it did not consider § 922(g)(1), did state:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on *longstanding prohibitions* on the *possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Heller*, 554 U.S. at 626-27 (emphasis added). The Supreme Court stated that these regulatory measures were "presumptively lawful."   *Id*. at 627 n. 26.   In *Rozier*, the Court held "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class."   Rozier, 598 F.3d at 771; *cf. United States v. White*, 593 F.3d 1199, 1205 (11th Cir. 2010) (recognizing § 922(g)(1) as "presumptively lawful").   Further, in *Rozier*,

the Eleventh Circuit did not discuss the second "means end scrutiny" step overturned by *Bruen*. Moreover, by reaffirming and adhering to its reasoning in *Heller* and *McDonald* the Supreme Court in *Bruen*, did not change the regulatory framework that prohibits felons from possessing firearms. Throughout the *Bruen* decision, the Supreme Court repeatedly references "law-abiding" citizens. *See, e.g., Bruen*, 142 S. Ct. at 2131 ("The Second Amendment . . . 'surely elevates above all other interests the right of *law-abiding, responsible citizens* to use arms' for self-defense.") (emphasis added) (quoting *Heller*, 554 U.S. at 635); *id*. at 2134 ("It is undisputed that petitioners Koch and Nash—two ordinary, *law-abiding, adult citizens*—are part of 'the people' whom the Second Amendment protects.") (emphasis added); *id*. at 2156 ("New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms.") (emphasis added).

Consequently, *Rozier* is still good law, this court must apply it, and § 922(g)(1) is constitutional. Therefore, Defendant Pettway's facial challenge argument fails and the motion to dismiss must be denied.

**B.     As Applied**

Pettway also brings an as-applied challenge arguing that "Pettway is alleged to have possessed the firearms in question on his person in public for self-defense purposes." Doc. 22 at 33. And, "[t]here is nothing to suggest that Mr. Pettway has ever used firearms in a dangerous or careless manner, or for a criminal purpose." *Id*. He argues that because his convictions are over fifteen (15) years old and the only violent felony was in 1999 that there is nothing to suggest that he is currently a dangerous person. *Id*. at 34. He specifically argues that he is neither disloyal or treasonous, never articulated a desire to overthrow the government, nor is he a member of any group or organization that promotes the overthrow of any government. *Id*. Pettway

states he "is a loyal and proud citizen of the United States." Pettway then argues that even if there is a historical tradition of depriving felons of their rights, the deprivation is limited to the duration of their criminal sentence. *Id.*

The United States argues that Pettway's criminal history includes a prior conviction for assault in the second degree under Alabama law. Doc. 27 at 21. The United States does note that Third Circuit issued an *en banc* decision that accepted an as-applied challenge to § 922(g)(1). Doc. 27 at 22-23 (citing *Range*, 69 F.4th 96). However, the Court finds that even looking at *Range*, the case is in a different posture at this point – i.e. pretrial.

Rule 12 authorizes the district court to resolve before trial only those motions "that the court can determine *without a trial of the general issue*." FED. R. CRIM. P. 12(b)(2) (emphasis added). "In a criminal case, the general issue is defined as evidence relevant to the question of guilt or innocence." *United States v. Pope*, 613 F.3d 1255, 1259 (11th Cir. 2010) (quotation omitted). Therefore, pretrial resolution of a motion to dismiss the indictment is permitted only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60, 89 S. Ct. 1559, 23 L. Ed. 2d 94 (1969). Generally, as-applied constitutional challenges necessarily involve an examination of the facts of the case.

In this case, the Court would be required to make findings of fact beyond whether those facts which are alleged in the indictment are adequate to state an offense. Such determinations would require a trial of the general issue of guilt or innocence, and, hence, are the province of a jury. *See United States v. Pope*, 613 F.3d 1255, 1260-61 (11th Cir. 2010) (ruling that district court was unable to properly resolve defendant's pretrial motion to dismiss indictment where defendant claimed that his charge under § 922(g)(9) was unconstitutional under Second

Amendment because he possessed guns only for defense of self, family, and property); *see also United States v. Martinez-Guillen*, Civ. Act. No. 2:10-cr-192-MEF, 2011 WL 588350, *3 n. 3, 2011 U.S. Dist. LEXIS 12691, at *8 n. 3 (M.D. Ala. Jan. 12, 2011) *adopted by* 2011 WL 578786, 2011 U.S. Dist. LEXIS 12679 (M.D. Ala. Feb. 9, 2011) (Rejecting as-applied challenge to 18 U.S.C. § 922(g)(5)(A) brought in a motion to dismiss the indictment based on the Second Amendment. "[I]n order to resolve any as-applied challenge in this case, the Court would be required to make findings of fact beyond whether those facts which are alleged in the indictment are adequate to state an offense [and s]uch determinations would require 'a trial of the general issue' of guilt or innocence, and, hence, are the province of a jury[.]"); *United States v. Boffil-Rivera*, Civ. Act. No. 08-20437-CR-GRAHAM/TORRES, 2008 WL 8853354, *4, 2008 U.S. Dist. LEXIS 84633, *10-11 (S.D. Fla. Aug. 12, 2008), *adopted by* 2008 WL 11409410, 2008 U.S. Dist. LEXIS 141044 (S.D. Fla. Sep. 22, 2008) (explaining as-applied versus facial challenges and noting that an as-applied challenge to 18 U.S.C. § 922(g)(5) "cannot be procedurally raised at this juncture of the case," i.e., by motion to dismiss that count of the indictment).

Moreover, Pettway's assertions as to his as-applied challenge would require the Court to go well outside the facts presented in the indictment and to make factual findings that it simply cannot do so at this stage. Therefore, the argument is not appropriate for a pretrial motion to dismiss.

While normally would end its analysis there, the Court now has the benefit of the full trial record as Pettway was found guilty by the jury. Therefore, despite the fact it was premature when the motion was filed, the Court will now turn to the substance of the argument.

The distinction between facial and as-applied challenges "goes to the breadth of the remedy employed by the Court." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010). "[I]t

does not speak at all to the substantive rule of law necessary to establish a constitutional violation," and therefore the same substantive constitutional analysis applies. *Bucklew v. Precythe*, 587 U.S. ---, ---, 139 S. Ct. 1112, 1127 (2019). "As-applied challenges are the basic building blocks of constitutional adjudication," Richard H. Fallon, Jr., *As-Applied and Facial Challenges and Third-Party Standing*, 113 Harv. L. Rev. 1321, 1328 (2000).

In a facial challenge, the court asks whether a law "could never be applied in a valid manner." *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 798 (1984). But, in the context of an as-applied challenge, the court looks to whether a law with some permissible use "is nonetheless unconstitutional as applied to [defendant's] activity." *Spence v. Washington*, 418 U.S. 405, 414 (1974).

Pettway argues an as applied challenge because he argues he kept the firearm on his person for self-defense purposes and there is nothing to suggest that Pettway ever used firearms in a dangerous/careless manner or for a criminal purpose and that he also completed all aspects of his criminal sentence for his prior convictions. *See* Doc. 22 at 33-34. Put simply, Defendant argues that there was nothing to suggest that he is a currently dangerous person or that he was disloyal or treasonous. *Id*.

The Superseding Indictment lists two prior convictions under Alabama law for Pettway: (1) possession of a controlled substance, convicted out of Mobile County Circuit Court on September 10, 2007 and (2) assault second convicted out of Mobile County Circuit Court on February 8, 1999. *See* Doc. 16. When finding Defendant guilty of a violation of § 922(g)(1), the United States had to prove beyond a reasonable doubt the following three elements:

   (1) the Defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;

   (2) before possessing the firearm or ammunition, the Defendant had been

>convicted of a felony – a crime punishable by imprisonment for more than one year; and
>
>(3) at the time the Defendant possessed the firearm or ammunition, the Defendant knew he had previously been convicted of a felony.

The Court provided those elements in its final jury instructions. In his as-applied challenge, Defendant does not mention the elements at issue, but he argues more generally the same general discussion in his facial challenge except that he now discusses his prior convictions arguing that they are not sufficient to deprive him of his Second Amendment rights.

Importantly, even in an as-applied challenge, the Court is still bound by *Rozier* and its determination that § 922(g)(1) is constitutional. The same analysis about abrogation previously discussed applies equally in an as-applied challenge.

The Court does acknowledge the Third Circuit's opinion in *Range v. Attorney General*, 69 F.4th 96 (3rd Cir. 2023). Importantly, the *Range* opinion is only persuasive on this Court and does not give the undersigned the ability to move beyond *Rozier*. But, even if the Court were persuaded by the general analysis, it is also readily distinguishable. Range only had a prior misdemeanor (although punishable under Pennsylvania law up to five years) conviction for food stamp fraud and not a felony conviction. There may very well be a substantial legal argument that legally there is a distinction between felons convicted of violent versus certain nonviolent crimes. *See Range*, 69 F.4th 96 (declaring § 922(g)(1) unconstitutional as applied to a particular nonviolent felon under *Bruen*); *Kanter v. Barr*, 919 F.3d 437, 451-69 (7th Cir. 2019) (Barrett, J., dissenting) (arguing, before *Bruen*, that § 922(g)(1) is unconstitutional as applied to certain nonviolent felons). While these cases are unpublished panels, it remains clear that the Eleventh Circuit has repeated rejected the type of argument Defendant raises when applying *Rozier*. *See, e.g., Flick v. Att'y Gen., Dep't of Justice*, 812 F. App'x 974, 975 (11th Cir. 2020) (rejecting, as

foreclosed by *Rozier*, as-applied Second Amendment challenge to § 922(g)(1)); *United States v. Dowis*, 644 F. App'x 882, 883 (11th Cir. 2016) (rejecting, as precluded by *Rozier*, Second Amendment challenge to § 922(g)(1) based on the statute's failure to distinguish between violent and non-violent predicate felonies); *United States v. Reverio*, 551 F. App'x 552, 553 (11th Cir. 2014) (finding a Second Amendment challenge to § 922(g)(1) foreclosed by *Rozier*).

Yet that is not a discussion that can be resolved at the district court level. As a district court bound to follow the Eleventh Circuit's controlling precedent, it is not for the Court to decide whether *Bruen* may ultimately be held to abrogate *Rozier* – in either a facial or as-applied challenge. "That question can only be answered by the Supreme Court or [the Eleventh Circuit] sitting en banc." *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003).

Finally, in this case, the violent/non-violent argument is hardly availing to Pettway. Despite his protestations to the contrary, one of the prior felony convictions charged in the Superseding Indictment is for Assault, 2nd Degree in Mobile County Circuit Court, CC-1998-2082. Evidence presented at trial showed Defendant pled guilty to Assault, 2nd degree which is a Class C felony. *See* ALA. CODE § 13A-6-21(a)-(b). He was sentenced by the court to imprisonment for 10 years. *See* Doc. 47, Government Exhibit 6. While there are several ways that a person can be convicted of Assault, 2nd degree most require "with intent to cause serious physical injury to another person". ALA. CODE § 13A-6-21(a). Alternatively, under Ala. Code § 13A-6-21(a)(3), the requirement is "recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument." Moreover, after his conviction, the Court received a draft presentence report which includes a lengthy list of criminal convictions – many of which appear to be crimes of violence. It is unclear whether some of those resulted in felony convictions. But on the Assault, 2nd degree alone, Pettway can hardly argue that his

underlying felonies do not include a crime of violence. Even with the more general question about a distinction between violent and non-violent felons, the distinction does not help Pettway.

That said, regardless of the legal questions and concerns the Court may have more about the application of an as-applied challenge to certain felons, the Court finds that *Rozier* is still binding.

### III.  CONCLUSION

For the reasons discussed here, the *Motion to Dismiss on Second Amendment Grounds* (Doc. 22) is **DENIED**.

**DONE** and **ORDERED** this 22nd day of January 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE